Good morning, Your Honors. My name is Ian Samas. I'm appearing for the appellate. There is one major factual issue that needs to be first and foremost considered in this case, and that is that the VA decisions, and there were three of them, one that gave him 10%, one that gave him 60%, and an appeal that gave him 100% disability, have not been made part of the record. That particular fault makes it so that, pursuant to a McCarty, the matter should be remanded, and those decisions should be made part of the record. JUDGE LEBEN Counsel, is there any explanation as to why they were not included? Because it's clear that the ALJs had them before him and looked at them. IAN SAMAS I have none. We brought the issues up before both ALJs, and under the circumstances, and I submitted the decisions personally. JUDGE LEBEN What practical consequence does it have here, given that it is clear from the record that the ALJ considered the VA decisions and rejected them? IAN SAMAS Well, for one thing, because they're not part of the record, since there were three ALJ decisions and there's no exhibit to refer to, we do not know, the court does not know, which of those decisions the ALJ is making a determination on. If ALJ Werdemann indicates that the decision by the VA is not substantiated sufficiently, however, by the record, but that is not the case under the 60% decision. The 100% decision was more conclusory. So which one did he look at, and why didn't he put it in as an exhibit? It was before him. It had been submitted to be used by him, and he didn't do it. JUDGE LEBEN It sort of makes his decision ambiguous. IAN SAMAS It makes it very ambiguous, Your Honor, and that's my major point. He does refer to the VA decision of October 21st, and then he refers to a second decision of March 21st. So he's... JUDGE LEBEN Of the same year, Your Honor? IAN SAMAS I'm sorry, March 2002. I'm sorry, I read those wrong. October 2001 and March 2002. So he has ostensibly those two decisions in front of him, and on the basis of reviewing those and the medical evidence, he concludes that they were conclusory and he can ignore them. But he doesn't give the court a chance to take a look at those on the record and see if it is proper. JUDGE LEBEN Is the problem here that it's not in our administrative record, so we don't have a chance to look at it? Or is the problem that it wasn't before the Appeals Council? IAN SAMAS It wasn't before the district court who had under either... JUDGE LEBEN It was all we know is at the moment is that he at some point must have looked at these documents, but they're not in the record, in the administrative record. IAN SAMAS That's correct. JUDGE LEBEN But Barbee's question was, does that mean that the Appeals Council did not have them before it? IAN SAMAS I don't know, Your Honor, because they had been submitted, but they're not part of the exhibit list, therefore it's possible that... JUDGE LEBEN The Appeals Council took no action here, which meant that after a certain period, the ALJ's decision became the decision of the Commissioner. Do we know whether the Appeals Council actually looked at any paper in this case, or whether it just simply let it go? No, because the Appeals Council's decision was that there isn't sufficient evidence to overturn, and therefore we're not going to do anything. And we do know that those VA decisions were not as part of the exhibit list, and not part of the record that the Appeals Council looked at. Because if they had been, then when they came up to the district court, they would have been part of the administrative record. So, no. JUDGE LEBEN Counsel, assuming that we thought that the VA had clearly messed up here by not including these as part of the administrative record, what makes the VA's decisions here material? Well, the McCarty case is very clear that because both of those administrations have similar methods of determining disability, those prior decisions by the VA must be looked at and given some level of... Wait. The Social Security Administration has said in its regulations that it will not be bound by any determinations of disability by any other agency. We're not asking that it be bound. We're asking that that decision be... And the ALJ said they're not entitled to great weight here, because I find them to be very, very conclusory. I don't find any of the backup information here. But, again, we're going back to my argument that the decision is... Whether that conclusion is supported by the decisions themselves should be reviewable by the district court and, as you've pointed out, by the Appeals Council prior to that. And if they're not part of the record, then they're not reviewable. So the... Did the district court look at the VA records? We submitted them as extra evidence, but they're not part of the official record. In other words, I could have... Did the district court comment on them? Yes. The district court said that and made a conclusion that, under the circumstances, there would have been no way that those decisions could have changed the ALJ... They found that even though they were omitted from the records, that they were not material. That's... Well, they were material, but they were not... It was harmless error, is, in essence, what their point was. And my contention is that that's not the case. They were not only material, but they were not harmless error, and they did not follow McCarty. The weight given, under the circumstances, needs to be connected with the decisions to the medical evidence, and then the judge... Wait, wait, wait. You mean that the commissioner is responsible for getting the medical evidence behind the VA's decision? If you're going to get rid of it, and it's already been submitted, you need to... Why is that commissioner's responsibility to go to another agency when it said it won't be bound by them? Isn't that your responsibility? Well, it is, and we did, and the ALJ did not... Wait, wait. Did you submit the medical records that supported the VA's decision? Yes. Are those in the record? They should be, yes. I haven't specifically... Wait, wait, wait. Do you know whether those are in the record or not? At this instant, I couldn't give you a page number, but I did submit them, and they were part of the exhibit list. But you also submitted the VA determinations. They're not in the record. That we know. We do know, because they're not... You don't know whether the underlying medical information is in the record? I believe it is. I can double-check it. But if the underlying medical information is in the record and was before the ALJ, then why are we bothering with the VA's summary of that evidence if we have the medical information itself? In other words, why should we rely on what the VA says about something if we have the information itself before the ALJ? Because McCarty says that because the two procedures are similar, the VA decision must be given some sort of weight, and it should be given great weight unless it is not supported by medical evidence, and the medical evidence that was submitted and was listed in the exhibit list was before the judge to support at least the 60% decision. The 100% decision, which was the second one issued by the VA, was more conclusory after an appeal remand, and there was not clear reasoning by the VA. But the underlying concept could have been done by the ALJ saying, I give medium weight or little weight to that decision, but I give great weight to the 60% decision, and goes forward. But he didn't do it, and there's no way a reviewing court can see if, in fact, that was done properly or improperly unless the decisions are in front of the court as part of the evidence. Good morning, Your Honors. My name is Amita Bayman-Tracy, and I represent Pally, the Commissioner of Social Security. My co-counsel is Donna Montano. The only issue here that Plaintiff raised in his motion for summary judgment was a request for a sentence 6 remand regarding exhibits A, B, and C that he had referred to in his motion for summary judgment. Included within those was an October 2001 VA disability rating. The district court properly found that the evidence submitted by Plaintiff was not new. But regardless of whether it was new or not, looking very closely at that evidence submitted, it was not material for a couple of reasons. How can the VA determination, which is something you have to give great weight to, how could that not be material? The district court reviewed that VA determination. I assume he reviewed it before he decided it wasn't material, but I said if it is material that you are required by law to give great weight to, how can it be immaterial? Located in the administrative transcript was the VA disability decision of March 2002 which found Plaintiff unemployable. What was not located in the transcript was what Plaintiff submitted, which was the October 2001 disability rating, which found him 60% disabled. So when you look under the motion for summary judgment as to whether this required a remand to review that additional evidence, we have to look to see whether it was material. Looking at that October 2001 rating decision, that rating decision was based upon Plaintiff's submission to the district court. It was based on subjectively disabling complaints of pain, which the ALJ properly addressed with clear and convincing reasons to find that Plaintiff was not credible. Pain cannot establish disability in the Social Security context. Are the standards between the VA and the VA standards for finding disability and the Commissioner's standards for finding disability, are they identical? They're not identical. One of the differences is that subjective complaints cannot prove disability in the Social Security context. Furthermore, in the March 2002 unemployability finding for Plaintiff, the VA looks to see whether Plaintiff can get a job or not, whether he can be hired. The Social Security Act does not look at that. It does not look at the VA's criteria for evaluating disability and determine whether they can be documented by accessible medical sources. The law is that the VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework. Because the VA and SSA criteria for determining disability are not identical, however, you may give less weight if you give specific reasons. But you have to give great weight in general. Every circuit that says that an ALJ must ordinarily give great weight to a VA determination of disability. Now how that can be immaterial is something that I don't understand. Here, the ALJ did review the March 2002 unemployability rating by the VA. He reviewed that, he provided many reasons for why he acknowledged the great weight that it deserved, but then... Is that the 60% or the 100%? The 100% unemployability. That's the one that's conclusively, right? And the 60% one is the one that gives all of the specifics. Well, again, the ALJ looked at that 100% unemployability and provided several reasons for saying that there were specific, persuasive, valid reasons for not giving it the great weight that he acknowledged. He gave it diminished weight for a number of reasons. Counsel, opposing counsel says that the underlying, the medical evidence underlying the VA's determination was submitted to the ALJ and was in the record. Can you confirm that? Yes, I can. I have the sites for those pages as well. So the underlying medical evidence behind the VA's decision was in the record and the ALJ considered it. Why didn't the VA's decisions end up in the administrative record? That, I don't know why the decisions... I want to ask you the same question I asked prior counsel. Does that mean then that they were not in the record before the appeals counsel? Well, that's something else that I'd like to clarify. What had happened in this process is that plaintiff had filed his application for Social Security Disability Insurance Benefits in March 2002. He went through that process. There was an ALJ, initial ALJ decision in that case. And that happened in March 2003. At that point, there was an appeals counsel denial of review of that ALJ decision. And then plaintiff went and filed a complaint in federal district court. After that point, there was an order to remand because at that point there were some flaws in the case. And the commissioner decided to take back that case. So we attempted to do a voluntary remand, stipulate to a remand. Plaintiff disagreed. Therefore, we filed a motion to remand with the district court and the district court ordered the remand. The remand was for two particular issues. And the remand order also specifically stated to the plaintiff that he could raise any additional issues that he wished with the ALJ. So then it went back to the commissioner and to the administrative process. And at that point, there was another administrative hearing on June 8, 2004. At that point, the ALJ issued its decision on August 12, 2004. Since there had been a prior order for remand, at that point the plaintiff could have petitioned for review with the appeals counsel. He had 30 days to do so. But if he did not wish to do so, then he had 60 days to file a complaint in federal court. The plaintiff never went to the appeals counsel, never stated this document is missing from the record. So the appeals counsel never did get a chance to see... Was it missing from the... We had a March 2003 decision by the ALJ. Had the VA documents been introduced into evidence before the ALJ at that point? Yes, they had. Okay. So when the appeals counsel denied this sometime after March 2003, the record before the appeals counsel did not include the three VA documents? It included the March 2002 unemployability, as well as all of the VA medical... But of the four documents we're talking about here, the four determinations, one was included and three of the four challenged or disputed documents were not in the record. Three were not and one was. Well, the only issue that plaintiff raised in his motion for summary judgment was regarding the October 2001... I'm still trying to get an answer to my question, counsel. In the administrative record before the appeals counsel, did they have the VA's decisions? They only had one. They only had one. But they did have the underlying medical evidence. Yes. Okay. Yes. So if you look at the October 2001 rating decision, that decision was based largely upon plaintiff's pain, which the ALJ properly discussed and determined was not credible. And furthermore, the rating analysis reviewer contradicted his own analysis. He noted that there was no objective medical evidence to support plaintiff's claims. But despite all of that, still found that plaintiff at that point for his cervical injuries was 60% disabled. The ALJ... Then when you look at the unemployability decision, the ALJ or the VA ratings decision, the plaintiff had filed an application saying, I'm unable to work because of my impairments. And the VA looked at everything, said that there have been no significant changes. But despite that, still awarded him unemployability. That does not... Aside with the Social Security Act, which decides whether, based upon the plaintiff's impairments, if he still has a residual functional capacity to do some type of work. Here we found that during this strict time period between November 15, 1995, through his date last insured of December 31, 2000, that plaintiff was able to perform his prior light work as a warehouse manager during this time period. The VA does not look at it the same way. If you can't get a job, you can be unemployable. Social Security does not do that. Thank you, counsel. I have two points, Your Honor. One of them is that subjective pain is a valid method of determining disability if there is an underlying medical cause, and there has been proven in this record that there is an underlying medical cause for cervical degeneration. So that would... Those two things are similar between the VA and Social Security Administration. The second thing is that there are other methods of sending this case back for remand, and that has to do with the law of the case and the rule of mandate. The prior decision by the district court specifically said that 96-2P and 96-5P were to be addressed properly by the administrative law judge, and it's our contention that did not happen. Opposing counsel has said, you can't bring those up now because you never raised them at the lower court. My contention is that the fact that it was part of the rule of case and rule of mandate, when it came back up, it did not need to be specifically raised by us, that the judge who gave those rules needs to and has a duty to take a look at those and see if the lower administrative law judge followed those properly. Thank you, counsel. The case just argued will be submitted. Court will stand in recess for the day. All rise. The court for this case is adjourned. Thank you.
judges: Reinhardt, D.W. Nelson, Bybee